ANNA L. HITCHCOCK

*v.*

THE MIDLAND RAILROAD COMPANY OF NEW JERSEY et al.

By the direction of a committee selected to represent and protect the bondholders of a railroad corporation, in the sale of the property and re-organization of the company, a circular was issued requesting each bondholder willing to come in, to deposit his bond with a designated trust institution in New York, together with the amount of a specified assessment to defray the expenses of the proceedings, and to obtain therefor the receipt of such trust institution, countersigned by the representative of the committee to be thereafter desig-

Hitchcock *v.* Midland R. R. Co.

nated. The circular further stated where the office of the committee was in New York, and was signed by the members of the committee, including Howard P. Dechert, "secretary," and required such deposit to be made on or before December 31st, 1879. The complainant was the holder of a bond for $1,000, which she took to the trust company for deposit, together with the amount of her assessment, on January 13th, 1879. The trust company refused to receive it, and referred her to the committee, whereupon she took it to the designated office of the committee, where Mr. Dechert received it and her assessment, giving her a receipt of the committee therefor. Three days afterwards, Mr. Dechert, as secretary, deposited with the trust company this bond and four others, taking therefor a certificate in his individual name. The sale was consummated, the company re-organized, and are about to issue new bonds in lieu of the old ones, but refuse to acknowledge the validity of complainant's receipt or her claim to either her old bond or a new one, on the ground that she did not deposit the bond with the trust company.—*Held,* that she is entitled to relief, and it is no objection that the present holder of complainant's bond is not made a party, because, for aught that appears, either the committee or its agent, the trust company, holds it; or if the secretary of the committee has misappropriated it, such act does not prejudice complainant; nor does it appear that any one having an interest has been omitted, nor that complainant failed in a strict compliance with the instructions of the committee's circular, as to deposit with the trust company, because the committee waived such requirements by accepting the bond and assessment.

Bill for relief. On general demurrer.

*Mr. J. W. Taylor,* for demurrants.

*Mr. G. R. Brown* and *Mr. C. J. G. Hall* (of New York), for complainant.

THE CHANCELLOR.

According to the bill, the property of the New Jersey Midland Railway Company was under foreclosure. Previous to or pending the proceedings, a plan of re-organization of the company, by or in the interest of such of the bondholders as should agree to it and contribute to the expense of carrying it out, was adopted, and, by circular, bondholders were invited to come in and participate in the benefits of the arrangement. A committee, called the "re-organization committee," was appointed. Among those who constituted it was Howard P. Dechert, and he was its sec-

retary. By the circular before mentioned (a copy of which was received by the complainant), those who were interested in the matter were informed that all first mortgage bondholders, desirous of participating in the purchase of the road at the foreclosure sale, were to deposit their bonds with the Central Trust Company, in the city of New York, on or before the 31st of December then next, together with one-quarter of one per cent. on the amount of such bonds, in cash, for defraying the costs of foreclosure and expenses incident thereto, taking the receipt of that company therefor, countersigned by the representative of the permanent committee, to be thereafter appointed to perfect the organization in such form as they should determine; and that the holders of the second mortgage bonds, who should desire to avail themselves of the provisions of the plan, were to deposit their bonds and pay a like percentage thereon, on or before the same date, taking a like receipt therefor from the trust company, countersigned as before mentioned; and that any balance over such costs and expenses of foreclosure would be applied in settling with those first mortgage bondholders who should not join in the purchase of the road, and the remainder, if any, was to be paid into the treasury of the new company. The circular was accompanied by a notice, which formed part of it, that in accordance with the plan, a committee of trustees, the names of the members of which were given, had been constituted, and that the office of the committee was at a designated place in the city of New York. Among the names was that of Mr. Dechert, to whose name the addition of "secretary" was made.

The complainant, on the 13th of January, 1879, was the owner of one of the first mortgage bonds, and on that day she offered it to the Central Trust Company, for the purpose of depositing it with that company, under and in pursuance of the before-mentioned plan of re-organization, but the trust company refused to receive it, and referred her to the re-organization committee. On that day she offered the bond to the committee, and it was received by them through Mr. Dechert, their secretary, pursuant to the plan of re-organization, and to enable her to participate therein.

Hitchcock *v.* Midland R. R. Co.

At the same time, she paid to the secretary her assessment, and took the receipt of the committee.    The receipt was as follows :

"Re-organization Committee of the New Jersey Midland Railway Co.
"Deposit of First Mortgage Bonds.   Name, Mrs. J. G. Hitchcock.
"Address, Longmeadow, Mass.
"One bond of $1,000 each, Nos. 235.   Coupons commencing Feb'y 1, 1874.
   "Amount of bonds..................................................$1,000 00
   "Assessment.....................................................   2 50
"Date of deposit, Jan. 13, '79.
                    " Rec'd the above,
                              " H. P. Dechert,
                                        " *Sec'y.*"

Three days afterwards, Mr. Dechert, as secretary of the committee, deposited the bond with the trust company, together with other bonds amounting to $4,000, and took from the trust company a certificate for the five bonds in his own name, individually.

The property of the railroad company was sold under the foreclosure, and was bought in by or in behalf of the re-organization committee, in pursuance of the before-mentioned plan, and a new company was formed according to the statute.    The committee approved a plan for the settlement or compromise of the debts, claims or liabilities of the old company, but on what terms they refuse to tell the complainant.    They have now ceased to act. The new company is about to issue its bonds in place of those of the original company, which were deposited with the committee under the plan, and as authorized by the provisions of the act " respecting railroads sold under mortgage " (*Rev. p. 944*), and to deliver them to the persons holding and presenting the certificates of deposit of the trust company, under the plan, and it refuses to recognize the receipt given to the complainant, or to deliver her any bond therefor, unless it is accompanied by the certificate of the trust company.    Neither Dechert nor the committee has ever returned her bond to her or given her any certificate of deposit of the trust company therefor or anything representing it, nor have they or any of them given to her any other bond, certificate or receipt whatever.    She is still the owner of

the bond. She has in vain demanded of the committee the return of her bond or the delivery to her of the certificate of the trust company acknowledging the deposit of it, and she has, but in vain, demanded from the new company a bond of $1,000 in place of her bond, according to the plan of re-organization. The bill is filed against the new company and the members of the committee, and it prays that the complainant may be decreed to be the owner of the bond, and to be the person to whom any bond under the plan of re-organization is to be given instead thereof; and that the new company may be decreed to issue a bond to her instead of the bond delivered to the committee, or that the defendants may be decreed to account to her for the proceeds or fair value of her bond, and to pay it or them to her accordingly, out of the funds in their hands arising from assessments on the bonds; and that the new company may be enjoined from issuing any bond to any one but the complainant, instead of her bond; and it prays for relief generally.

The defendants demur. For causes, they assign want of equity, want of a necessary party (the present holder of the complainant's bond), and that the complainant has an adequate remedy at law. They insist that the complainant does not show herself entitled to the relief she seeks because she does not show that she complied with the provisions of the plan of re-organization. It is necessary, they insist, that she should show that she deposited her bond with and paid her assessment to the trust company. For some reason which does not appear, the trust company, as before mentioned, declined to receive them, and referred her to the committee, its principal (for the trust company was merely the agent or depositary of the committee), and she went to the committee and delivered the bond, with her assessment thereon, to them. This was a compliance with the direction of the plan; and in receiving the bond and assessment themselves, the committee waived the provision for deposit with the trust company. Nay, after they received the bond and assessment they deposited the former with the trust company themselves, and if their officer (and he was not only their officer, but one of their number), fraudulently took a certificate from the trust company in his own

favor, when he ought to have taken it in favor of the complainant, that fact cannot prejudice her. For aught that appears, the committee still hold her bond. The act of Dechert, their secretary, in receiving the bond and assessment, and depositing the former, was the act of the committee. As before stated, the trust company was the mere depositary of the committee. According to the circular, its receipt was not sufficient to entitle the bondholder to participate in the benefits of the re-organization unless it was countersigned by the representative of the committee. The provision for depositing the bonds and assessments with the trust company manifestly was for convenience and security merely. The object in requiring the counter-signature was that the committee might know and keep an account of the deposits. The committee themselves had the power to receive bonds and assessments if they saw fit to do so. And where the depositary declined, from some scruple or reason, to receive a bond, and referred the bondholder to the committee, as its principal, the delivery of the bond to the committee was clearly entirely legitimate. If the bond had been subsequently, and before it was deposited with the trust company by the committee, lost, no question would have arisen as to the right of the complainant to the benefit of her bond in the re-organization of the railroad company. But it is because their secretary has been guilty of a fraudulent appropriation to his own use of her bond that the question is raised. That fraudulent conduct was in the course of his business as agent of the committee, and the complainant can no more be prejudiced by it than one who deposits a check in a bank for collection, for his account, would by the fraud of the bank messenger in embezzling the proceeds of the check after receiving them from the drawee. Nor do I perceive any reason whatever why the complainant, on the statements of the bill, should not participate in the benefits of the plan of re-organization. It does not appear that there is any adverse claim. It does not appear that her bond has been assigned by Dechert, or that the certificate which he received from the trust company is not in the possession of the committee or the new company.

Nor is the bill demurrable for want of parties; for, as has just

been ·remarked, it does not appear that any other party than those who are now defendants has any interest in the controversy. Obviously, the complainant has not an adequate remedy at law.

The demurrer will be overruled.